

FILED

MAR 2 3 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                                    )    Case No. 14-31853-B-13
                                          )
PETER ZUBENKO,                            )    DC No. AID-1
                                          )
                                          )
                    Debtor(s).            )
_____           )

KVAS

**MEMORANDUM DECISION**
**ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

Presently before the court is a motion for relief from the
automatic stay of 11 U.S.C. § 362(a) filed by creditor Herbert
U.S. Real Estate Company.  Herbert seeks relief from the
automatic stay in order to record a trustee's deed upon sale it
received from a pre-petition foreclosure sale of property
formerly owned by debtor Peter Zubenko located at 22 Seacrest
Court, Sacramento, CA (the "Sacramento Property"), and to proceed
with an action for possession of the property.  Herbert's motion
is opposed by the debtor.  Herbert has replied to the debtor's
opposition.  For the reasons set forth below, Herbert's motion
will be granted and the automatic stay of 11 U.S.C. § 362(a) will
be terminated and vacated under 11 U.S.C. § 362(d)(1) to allow
Herbert to record its trustee's deed upon sale, and to allow
Herbert to proceed with an action for possession of the
Sacramento Property.

**PROCEDURAL BACKGROUND**

A hearing on Herbert's motion was initially set for January 27, 2015, and noticed under Rule 9014-1(f)(2) of the court's Local Rules.  The debtor filed an opposition to the motion on January 26, 2015, and appeared at the hearing on January 27, 2015, to oppose the motion.  Based on the debtor's opposition and appearance, the court continued the hearing to February 25, 2015, at which time the court heard argument on the motion, the debtor's opposition, and Herbert's reply.  At the conclusion of that hearing, the court further continued the matter to allow Herbert, the debtor, and the trustee to file post-hearing briefs on the issue of avoidance of Herbert's unrecorded interest in the Sacramento property under 11 U.S.C. § 544(a)(3).  Herbert and the debtor have filed supplemental briefs.

**FACTS**

The facts are not in dispute.  The debtor purchased the Sacramento Property on or about August 18, 2004.  The Sacramento Property was encumbered by a note and deed of trust in the original amount of $378,850.  The debtor eventually defaulted under that note and deed of trust.

A notice of default/election to sell was recorded with the Sacramento County Recorder on May 20, 2014.  A notice of the trustee's sale was also recorded with the Sacramento County Recorder on August 15, 2014.  A sale of the Sacramento Property was initially set for September 10, 2014.  That sale was

- 2 -

1  subsequently postponed to November 24, 2014, at which time
2  Herbert was the successful bidder and purchaser.  Herbert
3  received an unrecorded trustee's deed upon sale on December 2,
4  2014.

5      Eleven days after the foreclosure sale and three days after
6  Herbert received the trustee's deed, the debtor filed a chapter
7  13 petition on December 5, 2014.  Herbert learned of the debtor's
8  chapter 13 filing shortly after the petition was filed.  Out of
9  deference to the automatic stay, Herbert withheld recordation of
10  its trustee's deed and sought legal advice on how to proceed in
11  light of the debtor's intervening bankruptcy filing.  Herbert's
12  trustee's deed remains unrecorded.

13

14  **JURISDICTION AND VENUE**

15      Federal subject-matter jurisdiction is founded on 28 U.S.C.
16  § 1334.  This matter concerning the administration of the estate
17  is a core proceeding that a bankruptcy judge may hear and
18  determine.  28 U.S.C. §§ 157(b)(2)(A), (G) and (O).  To the
19  extent it may ever be determined to be a matter that a bankruptcy
20  judge may not hear and determine without consent, the parties
21  nevertheless consent to such determination by a bankruptcy judge.
22  28 U.S.C. § 157(c)(2).  Venue is proper under 28 U.S.C. § 1409.

23

24  **DISCUSSION**

25      Herbert seeks relief from the automatic stay of § 362(a) for
26  cause under § 362(d)(1) so that it may record a trustee's deed it

27

28                          - 3 -

received upon conclusion of a pre-petition foreclosure sale and
proceed with an action for possession of the Sacramento Property.
Herbert maintains that the foreclosure sale was completed pre-
petition, that it holds the equitable interest in the Sacramento
Property, and that the estate holds only bare legal title.
Herbert further maintains that bare legal title is of no value to
the estate.

The debtor, on the other hand, maintains that he holds the
superior interest.  The debtor bases his argument on California
Civil Code § 2924h(c).[1]  The debtor maintains that Civil Code
§ 2924h(c) required Herbert to record its trustee's deed within
fifteen days of the foreclosure sale date and because Herbert did
not (and cannot now do so because of the automatic stay) the
debtor holds the superior interest in the Sacramento Property.
The debtor relies primarily on *In re Garner*, 208 B.R. 698 (Bankr.
N.D. Cal. 1997), to support his argument.

In *Garner*, the purchaser at a pre-petition foreclosure sale
recorded its trustee's deed post-petition but, significantly, did
so within the fifteen-day period of Civil Code § 2924h(c).  *Id.*
at 699.  The court noted that the post-petition recordation of a
pre-petition trustee's deed normally would violate the automatic

---

[1]California Civil Code § 2924h(c) states:
For purposes of this subdivision, the trustee's sale
shall be deemed final upon the acceptance of the last and
highest bid, and shall be deemed perfected as of 8 a.m.
on the actual date of sale if the trustee's deed is
recorded within 15 calendar days after the sale, or the
next business day following the 15th day if the county
recorder in which the property is located is closed on
the 15th day.

- 4 -

1   stay and be avoidable under § 549(a). *Id.* at 700. The court

2   also noted, however, that when there is an intervening bankruptcy

3   filing between a pre-petition foreclosure sale and post-petition

4   recordation of a trustee's deed, Civil Code § 2924h(c) creates an

5   exception to § 362(a) through § 362(b)(3) and § 546(b) so long as

6   the trustee's deed is recorded within fifteen days of the

7   foreclosure sale. *Id.* at 700-701. *Garner* also went on to

8   explain what happens when there is an intervening bankruptcy and

9   a trustee's deed obtained from a pre-petition foreclosure is not

10  (and cannot because of the automatic stay be) recorded within the

11  fifteen-day period of Civil Code § 2924h(c).

12      *Garner* initially examined what appeared to be conflicting

13  authority from the Southern District of California in *In re*

14  *Engles*, 193 B.R. 23 (Bankr. S.D. Cal. 1996).[2] In *Engles*, the

15  court granted relief from the automatic stay and allowed

16  purchasers at a pre-petition foreclosure sale to record their

17  trustee's deed post-petition and well beyond the fifteen-day

18  period of Civil Code § 2924h(c). *Garner*, on the other hand,

19  considered post-petition recordation within the fifteen-day

20  period of Civil Code § 2924h(c) critical and determinative of the

21  interests in property purchased at a pre-petition foreclosure

22  sale. It explained:

23      [I]f the foreclosure sale purchaser fails to record its

24  
_____

25      [2] *Engles* and *Garner* agree that under California law a pre-
petition foreclosure sale is complete when the highest and last bid
    is accepted. 208 B.R. at 700 (citing *Engles*). *Garner* departs from
26  *Engles* over the effect of Civil Code § 2924h(c) and the need to
    record a trustee's deed within fifteen days when there is an
27  intervening bankruptcy filing. *Id.*

28                                      - 5 -

> deed within fifteen days of the sale, the perfection
> will not relate back to the date of the sale.  A
> contest between *the foreclosure sale purchaser* and a
> *bona fide purchaser of the property* from the owner will
> again depend on who records its deed first.  As a
> result, the recordation of a foreclosure sale deed more
> than fifteen days of the sale after a bankruptcy
> petition is filed will not qualify for the section
> 362(b)(3) exception to the bar of the automatic stay
> and will not protect the purchaser from avoidance of
> its interest in the property under section 544(a)(3).
> Recordation of the deed within fifteen days of the sale
> appears to be critical to the outcome of a motion for
> relief under these circumstances.

208 B.R. at 701 (emphasis added).

*Engles* and *Garner* each find some support in the Bankruptcy

Appellate Panel's recent opinion in *In re Cruz*, 516 B.R. 594 (9th

Cir. BAP 2014).  Quoting from Civil Code § 2924h(c) and 4 Harry

D. Miller & Marvin B. Starr, CAL. REAL ESTATE § 10:252 (3d ed.

2013), *Cruz* confirms that under California law a pre-petition

foreclosure sale is final upon acceptance of the last and highest

bid.  *Id.* at 602.  It also recognizes that a purchaser at a pre-

petition foreclosure sale holds an interest in the purchased

property even if the trustee's deed remains unrecorded when the

former owner files a bankruptcy petition, the trustee's deed is

not recorded within the fifteen-day period of Civil Code

§ 2924h(c), and the trustee's deed remains unrecorded post-

petition for a significant period well beyond the fifteen-day

period.  *Id.*  In fact, the BAP labeled the debtor's argument that

she held a superior interest in property sold by foreclosure sale

pre-petition where the trustee's deed was not recorded within the

fifteen-day period of Civil Code § 2924h(c) and the trustee's

deed remained unrecorded post-petition for a significant period

1  of time (an argument not unlike the one the debtor makes here) a

2  misinterpretation of California law.  *Id.*

3      It is precisely the BAP's confirmation that a foreclosure

4  sale purchaser with an unrecorded trustee's deed holds an

5  interest in the property purchased at a pre-petition foreclosure

6  sale even if the trustee's deed remains unrecorded post-petition

7  and more than fifteen days after the foreclosure sale that leads

8  back to *Garner*.  Recall that *Garner* refers to a "contest" between

9  a "foreclosure sale purchaser" and a "bona fide purchaser" under

10  "§ 544(a)(3)" when a foreclosure sale purchaser does not record

11  its trustee's deed within fifteen days of the sale and the

12  automatic stay resulting from an intervening bankruptcy filing

13  prevents it from doing so.  *Id.* at 700.  *Garner's* reference to

14  these competing interests is not without significance.  In fact,

15  they accurately describe the interests that now exist in this

16  case and in the Sacramento Property as a result of Herbert's

17  failure to record its trustee's deed within fifteen days of the

18  pre-petition foreclosure sale and the debtor's intervening

19  chapter 13 petition, *i.e.*, Herbert's unrecorded interest versus

20  the interests of a bona fide purchaser conferred upon the trustee

21  under § 544(a)(3).[3]  Stated another way, in order to claim (and

22  retain) an interest in the Sacramento Property superior to

23

---

24      [3] Although a chapter 13 debtor may exercise avoidance powers
   concurrent with the chapter 13 trustee and any recovery remains
25  property of the estate even if a confirmed plan provides that
   property of the estate revests in the debtor upon confirmation as
26  may be the case here, *In re Cohen*, 305 B.R. 886 (9th Cir. BAP 2004),
   the court will refer to the trustee herein for purposes of
27  uniformity.

28                                      - 7 -

1   Herbert's unrecorded interest, the trustee must be able to avoid

2   Herbert's unrecorded interest.  The trustee's ability to do that

3   hinges on an ability to invoke the "strong arm powers" of §

4   544(a)(3) and that, in turn, hinges on the trustee's ability to

5   qualify as a bona fide purchaser under California law.  The

6   trustee (and thus the debtor) cannot satisfy this requirement.

7        Section 544(a)(3) of the Bankruptcy Code gives the trustee

8   "strong arm powers" to avoid transfers of real property of the

9   debtor that would be voidable under state law by a bona fide

10  purchaser of the property from the debtor.[4]  In effect, it gives

11  a trustee as of the bankruptcy petition date, the status of a

12  perfect bona fide purchaser under state law.

13       Although the question of whether a trustee qualifies under

14  § 544(a)(3) is one of federal law, state law determines if the

15  trustee's status as a bona fide purchaser will defeat the rights

16  of a person against whom the trustee seeks to assert those

17  powers.  *In re Weisman*, 5 F.3d 417, 420 (9th Cir. 1993); *In re*

18  *Ireva Holdings, LLC*, 2011 WL 10656544 at *2 (Bankr. E.D. Cal.

19  2011).  Thus, California law applies and will determine who, in

20

21       [4] 11 U.S.C. § 544(a)(3) states:
        (a) The trustee shall have, as of the commencement of the
22      case, and without regard to any knowledge of the trustee
        or of any creditor, the rights and powers of, or may
23      avoid any transfer of property of the debtor or any
        obligation incurred by the debtor that is voidable by—
        [ . . .]
24           (3) a bona fide purchaser of real property,
             other than fixtures, from the debtor, against
25           whom applicable law permits such transfer to be
             perfected, that obtains the status of a bona
26           fide purchaser and has perfected such transfer
             at the time of the commencement of the case,
27           whether or not such a purchaser exists.

28                              - 8 -

this case, holds the superior interest in the Sacramento Property.

California is a race-notice jurisdiction and requires every conveyance of real property to be recorded in order to be of value against a subsequent purchaser of the same property. Cal. Civ. Code § 1214.[5] However, an unrecorded instrument is valid as between the parties thereto and those who have notice of it. Cal. Civ. Code § 1217.[6] Although § 544(a)(3) creates the legal fiction of a perfect bona fide purchaser and explicitly renders the trustee's actual notice of prior grantees irrelevant, the Ninth Circuit has long-recognized that constructive or inquiry notice obtained in accordance with Civil Code § 19 can defeat a trustee's claim.[7] *Weisman*, 5 F.3d at 420 (citing *Probasco v. Eads (In re Probasco)*, 839 F.2d 1352, 1354 (9th Cir. 1988)).

The question then becomes whether a prudent purchaser, in

---

[5] California Civil Code § 1214 states:
Every conveyance of real property or an estate for years therein, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless the conveyance shall have been duly recorded prior to the record of notice of action.

[6] California Civil Code § 1217 states:
An unrecorded instrument is valid as between the parties thereto and those who have notice thereof.

[7] California Civil Code § 19 states:
Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.

- 9 -

light of the information reasonably available on the petition
date in this case, would have made an inquiry into the status of
and/or title to the Sacramento Property and any transfer thereof.
That means that if the circumstances on the petition date
suggested to the trustee, as a prudent buyer, that he should have
inquired as to whether an interest in the Sacramento Property had
been transferred pursuant to a foreclosure sale, then Civil Code
§ 19 would charge the trustee with knowledge of Herbert's
unrecorded interest and that constructive knowledge would prevent
the trustee from prevailing under § 544(a)(3) because the trustee
would not qualify as a bona fide purchaser. *See Weisman*, 5 F.3d
at 421 (citations omitted).

Herbert relies on the notice of default and notice of sale
recorded with the Sacramento County Recorder to charge the
trustee with constructive notice of its unrecorded interest under
its pre-petition trustee's deed and, thus, to defeat the
trustee's bona fide purchaser status under § 544(a)(3).
Herbert's argument has some merit to it because several courts
have held that a recorded notice of default and/or notice of sale
provide constructive notice of a property's transfer and the
existence of a prior unrecorded interest. *See In re Grant*, 303
B.R. 205, 211 (Bankr. D. Nev. 2003) (so holding under Nevada law
which is a race-notice state like California); *see also In re
Young*, 156 B.R. 282 (Bankr. D. Idaho 1993) (recorded notice of
default was constructive notice sufficient to preclude chapter 13
debtor from avoiding foreclosure sale).  California law also

- 10 -

1   instructs that an examination of recorded documents related to a

2   prior sale may require an inquiry into any suspicious elements.

3   *See 612 South LLC v. Laconic Limited Partnership*, 184 Cal. App.

4   4th 1270, 1278 (Cal. Ct. App. 2010) ("The act of recording

5   creates a conclusive presumption that a subsequent purchaser has

6   constructive notice of the contents of the previously recorded

7   document."); *Triple A. Mgmt. Co. v. Frisone*, 69 Cal. App. 4th

8   520, 530-532 (Cal. Ct. App. 1999) (purchasing party on inquiry

9   notice to investigate ambiguities appearing in record title).

10        The debtor, on the other hand, relies on *Walker v.*

11  *California Mortgage Service (In re Walker)*, 861 F.2d 597 (9th

12  Cir. 1988), and *In re Williams*, 124 B.R. 311 (Bankr C.D. 1991),

13  for the proposition that a recorded notice of default and/or a

14  notice of sale are not constructive notice charged to a

15  bankruptcy trustee.  The debtor's reliance on *Walker* and *Williams*

16  is misplaced.

17        Although the debtor correctly notes that in *Walker* the court

18  rejected the argument that a recorded notice of default provided

19  constructive notice to defeat bona fide purchaser status, the

20  debtor overlooks that the court expressly noted that the notice

21  of default in that case was recorded some *sixteen months* before

22  the notice of bankruptcy was recorded.  *Walker*, 861 F.2d at 600.

23  *Williams* relied on *Walker* to reach the same conclusion that

24  notices of default and sale recorded some *two years* and *eighteen*

25  *months*, respectively, before the bankruptcy filing were similarly

26  insufficient to provide the trustee with constructive notice of

27

28                              - 11 -

the property's status.  *See Williams*, 124 B.R. at 315 (notice of

default recorded February 1988, notice of sale recorded June

1988, chapter 7 notice recorded February 1990; chapter 7 case

thus filed two years after notice of default and eighteen months

after notice of sale).

The concerns in *Walker* and *Williams* are not present here.

Unlike *Walker* and *Williams* where the recorded documents and the

bankruptcy filing were from sixteen months to two years apart,

the recorded notice of default and sale and the bankruptcy filing

in this case are separated by, at most, a little over six months.

The notice of sale and the initial sale date were also a little

over three weeks apart.  Under these factually distinct

circumstances, and given the relevance of constructive notice

under California law recognized in *Weisman*, the court concludes

that like *Grant* and *Young*, *supra*, the recorded notices of default

and sale in this case are not so remote from the debtor's

bankruptcy filing so as to be considered "stale", they are

sufficient to charge the trustee with constructive notice of

Herbert's unrecorded interest under its pre-petition trustee's

deed, and consequently they defeat the trustee's bona fide

purchaser status under § 544(a)(3).[8]

---

[8] *Walker* and *Williams* are also distinguishable from this case
in at least two other significant respects.  Both cases were decided
before *Weisman* and, in that respect, both cases overlook the
relevance of constructive notice the Ninth Circuit recognized in
*Weisman* as defeating a trustee's claim under § 544.  *Walker* was also
decided under § 549(c) which is an exception to – and does not apply
outside the context of – a § 549(a) avoidance action.  *In re
Mitchell*, 279 B.R. 839, 843 (9th Cir. BAP 2002).  The potential
avoidance action here exists under § 544(a)(3), not § 549(a).

- 12 -

1    Lacking bona fide purchaser status, the trustee cannot

2 assert his "strong arm powers" under § 544(a)(3) to avoid

3 Herbert's unrecorded interest in the Sacramento Property.  And

4 without the ability to avoid that interest, the estate's legal

5 title to the Sacramento Property that became property of the

6 estate under § 541(d) when the debtor filed his petition is of no

7 value to the estate because the estate lacks the ability to

8 acquire the equitable interest from Herbert.  Therefore, based on

9 the foregoing, the court concludes that cause exists under

10 § 362(d)(1) to grant Herbert's motion and to terminate the

11 automatic stay of § 362(a) so that Herbert may record its pre-

12 petition trustee's deed and proceed with an action for recovery

13 of the property.

14    The 14-day stay of Federal Rule of Bankruptcy Procedure

15 4001(a)(3) will also be waived.

16    A separate order will enter.

17    Dated:  March 23, 2015.

18

19

20                    UNITED STATES BANKRUPTCY JUDGE

21

22

23

24

25

26

27

28                        - 13 -

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached
document, via the BNC, to the following parties:

Scott J. Sagaria
2033 Gateway Place, Floor 5
San Jose CA 95110

Anthony I. Danielson
4110 Truxel Rd #100
Sacramento CA 95834

Jan P. Johnson
PO Box 1708
Sacramento CA 95812

- 14 -